UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IMPERIAL ZINC CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16 CV 551 RWS |
| | ) |
| ENGINEERED PRODUCTS | ) |
| INDUSTRIES, L.L.C., et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff Imperial Zinc Corp. brings two claims—Counts I and IV—for breach of contract and for action on account against Defendant Engineered Products Industries, LLC (EPI), and two class action claims—Counts II and III—against Defendant EFR, LLC, a member of and the manager of EPI, for breach of trust relationship and breach of fiduciary duty. EFR moves to dismiss Counts II and III, arguing Imperial has failed to state cognizable claims recognized under Missouri law. See Fed. R. Civ. P. 12(b)(6). I will grant the motion and dismiss the claims against EFR.

## **THE COMPLAINT**

Plaintiff Imperial alleges the following facts. Imperial is an Illinois corporation that manufactures and sells zinc goods in Illinois. Defendant EPI is a

Missouri limited liability company, the members of which are citizens of Missouri and Florida, which engaged in zinc and aluminum die casting and operated out of St. Clair, Missouri. Defendant EFR is a member of and the manager of EPI. Imperial alleges that EFR's member is a citizen of Missouri.[1]

Imperial alleges that on a number of dates between July and November 2013, EPI orally contracted with Imperial to purchase zinc goods totaling more than $530,000. Imperial manufactured the goods and delivered them to EPI, and EPI accepted and used the goods but did not pay for them. After Imperial applied all credits and setoffs, it demanded payment of $509,857.28 from EPI. EPI admitted the debt but refuses to pay it. Imperial brings Counts I and IV against EPI for breach of contract and action on account.

Imperial also brings two class action claims, Counts II and III, against EFR in its capacity as the manager and director of EPI. Imperial alleges the Plaintiff Class consists of Imperial and all of EPI's other unidentified creditors to whom EPI owed money at the time that it ceased doing business and whose debts have not been resolved. Imperial alleges the predominant common question is whether EPI continued to do business and incur business debt when it was insolvent by

---

[1] EFR's Disclosure of Organizational Interests Certificate indicates it has two members, both citizens of Florida, not Missouri. Neither party indicates either defendant LLC has a member that shares Illinois citizenship with Imperial such that diversity jurisdiction would be improper. See E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.").

purchasing goods and services which its management, including EFR, knew or should have known could not be paid for because of the insolvency.

In Count II, Imperial asserts a claim for breach of trust relationship. Imperial alleges EFR was EPI's manager on January 1, 2013 and served in the roles of officer and director of EPI during all times relevant to this suit. Imperial alleges EPI was insolvent on or around January 1, 2013, as its short-term and long-term debts and liabilities exceeded its assets. Imperial alleges EFR knew EPI was insolvent due to knowledge of EPI's financial records. Imperial alleges EFR knew EPI continued to be insolvent on or around July 7, 2013, when EPI began contracting with Imperial for delivery of goods for which it ultimately did not pay. Imperial alleges that due to its continued insolvency, on July 7, 2013, EPI was not a going concern, was incapable of doing business, and was effectively a *de facto* dissolved limited liability company. Imperial alleges that under Missouri law, EPI's status as a *de facto* dissolved company caused EFR, as manager, to hold a trustee-like position for the equal benefit of all of EPI's creditors. Imperial alleges EFR breached that trustee-like duty to EPI's creditors by allowing EPI to order more goods and services and engage in business transactions instead of forcing EPI to wind-up its affairs for the equal benefit of all creditors. Imperial seeks to recover its damages from EFR.

In Count III, Imperial asserts a claim for breach of fiduciary duty, alleging EFR owed a fiduciary duty to Imperial and other members of the Plaintiff Class when EPI was insolvent and no longer a going concern. Imperial alleges that under Missouri law, EFR was duty-bound to ensure EPI did not continue to order zinc goods from Imperial or engage in other business transactions with its creditors and instead was required to wind-up EPI's affairs for the benefit of all of EPI's creditors. Imperial alleges EFR breached this duty by causing or allowing EPI's agents to continue to order goods and engage in transactions after it was insolvent.

EFR moves to dismiss Counts II and III, arguing Imperial has failed to state claims that are recognized under Missouri law and that, to the extent Missouri recognizes the claims, Imperial fails to allege facts sufficient to support them.

## LEGAL STANDARD

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). Under the federal rules, a plaintiff need not provide "'detailed factual allegations,'" but must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions." Id. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

Imperial alleges jurisdiction based on diversity of citizenship. The parties do not dispute that Missouri law governs the claims in this diversity case. This Court is therefore bound by the decisions of the Missouri Supreme Court, and if there is no decision on point, "we must predict how the court would rule, and we follow decisions from the intermediate state courts when they are the best evidence of Missouri law." United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 751 F.3d 880, 883 (8th Cir. 2014) (internal citations omitted).

## ANALYSIS

First, I note that the cases and statutes the parties primarily rely on deal with the duties of directors of corporations, not the managers of limited liability companies. Different statutory chapters govern Missouri corporations and LLCs. See Mo. Rev. Stat. §§ 347.010, *et seq.* (Missouri Limited Liability Company Act) and 351.010, *et seq.*, (The General and Business Corporation Law of Missouri); see also Hibbs v. Berger, 430 S.W.3d 296, 313–14 (Mo. Ct. App. 2014) (noting the difference between analyzing fiduciary duties of individuals in charge of corporations and partnerships and the duties of members and managers of LLCs). "A limited liability company is a creature of statute and its corresponding rights and obligations are derived from statute." Hibbs, 430 S.W.3d at 313 (quotation

5

marks omitted).[2] "The starting point for determining the liability of managers and members of an LLC is outlined in Missouri's Limited Liability Company Act," id. at 314, which provides in part as follows:

> Except as otherwise provided in the operating agreement an authorized person [managers or members, if management vested in members][3] shall discharge his or her duty under sections 347.010 to 347.187 and the operating agreement in good faith, with the care a corporate officer of like position would exercise under similar circumstances, in the manner a reasonable person would believe to be in the best interest of the limited liability company, and shall not be liable for any such action so taken or any failure to take such action, if he or she performs such duties in compliance with this subsection.

Id. (quoting Mo. Rev. Stat. § 347.088.1); see also Sutherland v. Sutherland, 348 S.W.3d 84, 90 (Mo. Ct. App. 2011) (explaining that section 347.088.1 codifies the business judgment rule as it relates to LLCs and the rule "precludes the courts of this State from interfering with the decisions of corporate officers and directors absent a showing of fraud, illegal conduct, an *ultra vires* act, or an irrational business judgment"). In Hibbs, in the context of deciding that LLC managers owe members of the LLC fiduciary duties, the Missouri Court of Appeals concluded that "logically and in accord with the rules and law of equity, [Missouri's LLC

---

[2] The duties and obligations of members and managers derive both from Missouri statutes and the LLC's operating agreement and articles of organization, and duties and liabilities may be expanded or restricted by provision in the operating agreement. Hibbs, 430 S.W.3d at 314, 316. The relevant operating agreement and articles of organization are not mentioned in the Complaint or the parties' briefing.

[3] The Missouri Limited Liability Company Act defines "authorized person" as "manager, or member, if management of the limited liability company is vested in the members." Mo. Rev. Stat. § 347.015(2).

Act] clearly envisioned imposing the same duties upon managers of an LLC as those duties imposed upon directors of a corporation." 430 S.W.3d at 316. Given these authorities, it seems appropriate to include cases discussing corporate directors' duties to creditors in evaluating the extent of duties owed by the managers of LLCs, keeping in mind the different statutes governing the entities.

"To prove a breach of fiduciary duty under Missouri law, a plaintiff must establish, among other elements, that a fiduciary duty existed and was breached." Wivell v. Wells Fargo Bank, N.A., 773 F.3d 887, 894 (8th Cir. 2014). The parties center their arguments on a Missouri Court of Appeals case, Drummond Company v. St. Louis Coke & Foundry Supply Co., 181 S.W.3d 99 (Mo. Ct. App. 2005). In Drummond, the plaintiff-creditor alleged the defendant-corporate director owed a fiduciary duty to the creditor to stop the corporation's diversion of funds to the director's son's closely-held company when the corporation was insolvent. Id. at 100–02. In concluding the creditor had not established any common law liability or duty, the Drummond court explained that as a general rule, "Missouri has rejected the concept that corporate directors are fiduciaries for creditors, even in the event of insolvency, and has held that directors are not individually liable to creditors, absent statutory authority or an intentional or fraudulent act." Id. at 104; see also id. at 103 (explaining that absent statutory authority or an intentional or fraudulent act, "the relationship between a creditor and a corporation is that of

7

contract, not one of trust"). "Mere nonfeasance is not sufficient to impose individual liability upon corporate directors and officers; rather, active malfeasance or a specific statutory liability creating an individual cause of action for creditors is necessary to create such individual liability." Id.

Imperial does not allege any statutory authority or intentional or fraudulent acts support its claims. Rather, despite Missouri's general rule, Imperial argues its claims against EFR are cognizable based on the Drummond court's mention that "[e]arly Missouri cases do recognize directors' liability to creditors in the limited situation where the corporation is not a going concern, but rather clearly going out of business or incapable of doing business, and that it is conclusively established that it is insolvent." Id. at 104. "In such cases the corporation was effectively *de facto* dissolved, placing the directors and officers in a trustee-like position for the equal benefit of all creditors, similar to the liability imposed by statute under [Missouri Revised Statutes] sections 351.476 and 351.486 [regarding effect of dissolution and administrative dissolution of corporations]."[4] Id. The court noted the plaintiff's concession "that no Missouri case has held there to be a cause of action for breach of fiduciary duty by a corporate director to a creditor of the corporation." Id. at 103. It also concluded that the allegations before it did not

---

[4] As discussed *supra*, these sections provide that officers or directors who conduct business on behalf of a corporation after dissolution and except as appropriate to wind up and liquidate shall be personally liable for any obligation so incurred.

8

establish any common law liability or duty under the limited exception it described because despite the corporation's financial difficulties, the evidence showed it was continuing to conduct business at the time and "there was no evidence that [the corporation] was clearly going out of business, incapable of doing business, or not a going concern at the time of the disputed transfers." Id.

Imperial argues that because it alleged EPI was insolvent when it ordered goods from Imperial and otherwise conducted unnamed business transactions with other unknown creditors, it has stated a claim "triggering [EFR's] 'trustee-like' duty to all creditors of [EPI]." See Stricker v. Union Planters Bank, N.A., 436 F.3d 875, 879 (8th Cir. 2006) (citing Drummond). EFR argues that any duty it may have had to creditors, assuming EPI was insolvent, did not include a duty to stop EPI from ordering goods or conducting business. After careful review, I find no support for Imperial's argument that Missouri courts would recognize a claim by creditors against the manager of an LLC for breach of a "trustee-like" or fiduciary duty based on the manager's failure to force the LLC to stop conducting business and wind up its affairs upon insolvency.[5]

---

[5] Imperial previously brought these claims against EFR solely on its own behalf. The court granted EFR's motion for judgment on the pleadings, holding Imperial lacked standing to bring its claims as an individual creditor. See Imperial Zinc Corp. v. Engineered Products Industries, L.L.C., 2016 WL 812695, at *3 (E.D. Mo. Mar. 2, 2016). Imperial now brings its claims against EFR as class action claims on behalf of all of EPI's creditors. It is unclear if these claims are properly asserted as direct, class action claims, or whether Missouri would only allow them in a derivative action, a question I need not decide. See id.; Hibbs, 430 S.W.3d at 317, n.10 (noting that defendants' proposition that plaintiff had to bring breach of fiduciary duty action as a

9

All of the early cases the Drummond court cited in recognizing the "limited situation" in which a director may be liable to creditors involved allegedly fraudulent or preferential transfers or abuses of power by directors to take advantage for themselves over creditors. See Drummond, 181 S.W.3d at 104, n.5 (noting its case was analogous to those relied on because they all involved "the liability of corporate officers and directors for transfers of corporate assets," primarily for "preferential treatment of some creditors over others"); see also Land Red-E-Mixed Concrete Co. v. Cash Whitman, Inc., 425 S.W.2d 919, 923 (Mo. 1968) (examining creditor's claim to set aside as conveyances in fraud of creditors two deeds transferred to relatives of the company's president); Banta v. Hubbell, 150 S.W. 1089, 1091–92 (Mo. Ct. App. 1912) (rejecting creditor's claims against directors/stockholders for allegedly fraudulent transfers of stock, made to evade liability to creditors, because company was found to be solvent); Warren v. Mayer, 143 S.W. 861, 863–65 (Mo. Ct. App. 1912) (explaining that directors of an insolvent corporation that has ceased to carry on business who themselves have creditors' claims against the company must share ratably with other creditors and cannot use their power as directors to secure an advantage for themselves over

---

derivative action "may no longer stand on sound legal ground in the context of limited liability companies" but stating it need not decide the issue because it found no fiduciary duties existed); see also Stricker, 436 F.3d at 879 (citing Drummond and affirming dismissal of individual creditors' breach of fiduciary duty claims against corporate directors because creditors were "not suing on behalf of all creditors of [the corporation]" but sought "only an individual recovery").

other creditors); Williams v. Jones, 23 Mo. App. 132, 143–46 (Mo. Ct. App. 1886) (setting aside a preferential transfer and explaining that when directors have officially announced a corporation's insolvency and cessation of business, the directors cannot secure any advantage for themselves over other creditors). Imperial makes no such allegations: no allegations of self-dealing, preferential transfers, or even disputed transfers outside EPI's course of business. As a result, the factual allegations in the Complaint fail to state the type of claim the Drummond court suggested may be brought as a limited exception to Missouri's general rule that corporate directors are not fiduciaries to creditors, even in the event of insolvency, and that the two have a relationship in contract, not trust.[6]

Relevant statutes also do not support Imperial's theory. Imperial alleges EPI was, in effect, a *de facto* dissolved company because of its insolvency, but it does not allege EPI was actually dissolved. The statutory sections relied on in Drummond (Mo. Rev. Stat. §§ 351.476 and 351.486) address the effect of dissolution in the context of corporations and draw clear lines, creating personal

---

[6] Other cases interpreting Missouri law reinforce the need to ascertain the extent of any fiduciary or trustee-like duty. In In re Tri-River Trading, LLC, for example, the court indicated that generally "when a corporation approaches insolvency or actually becomes insolvent, directors' fiduciary duties expand to include general creditors," but "[o]pinions differ on the extent of the shifting of the fiduciary duty." 329 B.R. 252, 266 & n.15 (8th Cir. BAP 2005) (interpreting Missouri law). The court pointed out that courts outside Missouri have recognized that actions like self-dealing, abuse of power to secure a preference for the director, or perhaps pursuing "a course of conduct that exposed creditors to undue risk" could potentially violate a director's duty to creditors, see id. at 266–67, n.15, but Imperial does not provide—and I have not found—any cases applying Missouri law that support the proposition that a manager has a duty to creditors to stop an LLC that has not been dissolved from continuing to conduct business.

11

liability for the obligations directors incur when they conduct business on behalf of the corporation after dissolution. See Mo. Rev. Stat. § 351.486.3 (providing that a corporation that has been administratively dissolved may not carry on any business except that necessary to wind up and liquidate, "and any officer or director who conducts business on behalf of a corporation so dissolved except as provided in this section shall be personally liable for any obligation so incurred");[7] Asaro v. Div. of Emp't Sec., State of Mo., 32 S.W.3d 623, 626 (Mo. Ct. App. 2000) (affirming determination that director personally carried on the corporation's business past its date of dissolution, "a necessary prerequisite to [the director's] liability under Section 351.486.3"). Sections regarding dissolution in Missouri's LLC Act provide even less support for Imperial's theory and do not contain similar provisions regarding personal liability. See, e.g., Mo. Rev. Stat. § 347.139.3 (providing that the "authorized persons" [managers or members, as appropriate] "at the time of *termination* . . . shall *thereafter* be trustees for the members and creditors of the terminated limited liability company," authorized to distribute assets or take other action as necessary on behalf of the terminated LLC (emphasis added)); id. § 347.139.1–2 (providing that upon the dissolution of an LLC, the LLC shall cease to carry on its business except as necessary to wind up the

---

[7] Section 351.476.2(3) (effect of dissolution) similarly provides that dissolution of a corporation does not subject directors to different standards of conduct "provided that any such officer or director who conducts business on behalf of the corporation except as provided in this section shall be personally liable for any obligation so incurred."

business and explaining how assets are to be distributed to creditors and others post-dissolution); § 347.147 (authorizing members to wind up or to authorize managers to wind up upon dissolution).

In sum, taking Imperial's factual allegations as true, I find no support for Imperial's claim that Missouri courts would recognize claims for breach of trust or breach of fiduciary duty under the facts Imperial alleges. As a result, I conclude Imperial has failed to state cognizable claims against EFR under Missouri law and will dismiss Counts II and III.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant EFR's motion to dismiss #[12] is **GRANTED**. Counts II and III of the Complaint are dismissed.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2016.